IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:04CR267** |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **CHRISTOPHER L. GRANT,** | ) | |
| | ) | |
| Defendant. | ) | |

This case was recently reassigned to my docket and is before me for Amended Tentative Findings.[1] The Court has received both the original Presentence Investigation Report and the Revised Presentence Investigation Report in this case and reviewed the parties' various objections and supporting briefs regarding both reports and Judge Shanahan's tentative findings. Most relevant at this time are: the government's objections to the Revised PSR (Filing No. 43); and the Defendant's Objections to the Revised PSR (Filing No. 44). The Court has also reviewed the Defendant's motion for downward departure filed pursuant to U.S.S.G. § 4A1.3 (over representation of criminal history category) (Filing No. 40). The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are advisory.

---

[1] Judge Shanahan's tentative findings were not filed; rather, they were contained in a letter to counsel dated February 7, 2005.

**FACTUAL BACKGROUND**

The Defendant was found guilty by a jury of a one-count Indictment charging him with conspiring to distribute a mixture or substance containing cocaine base, i.e. crack cocaine. The jury found beyond a reasonable doubt that the amount of controlled substance attributable to the Defendant was at least 5 but less than 50 grams of a mixture or substance containing a detectable amount of cocaine base.

After reviewing the file and Judge Shanahan's tentative findings, three issues remain for consideration at sentencing: drug quantity; obstruction of justice; and the Defendant's motion for downward departure. Each issue is discussed below.

**DISCUSSION**

The following findings are based on this Court's understanding of the law following *United States v. Booker,* 125 S. Ct. 738 (2005).

Regarding drug quantity, the Court will honor the jury finding as to drug quantity beyond a reasonable doubt. The Court's tentative findings are: the government's objection to the drug quantity included in ¶ 30 of the Revised PSR are denied; the Defendant's objections to the drug quantity set forth in ¶ 30 are denied; and the Defendant will be sentenced on the basis of the quantity appearing in ¶ 30 of the Revised PSR–at least 35 but less than 50 grams of a mixture or substance containing cocaine base, resulting in base offense level 30.

Regarding obstruction of justice, the Court notes that despite Judge Shanahan's tentative findings,[2] the Revised PSR includes in ¶ 34 a 2-level enhancement for obstruction

---

[2] Judge Shanahan's tentative findings indicated that the enhancement should not apply pursuant to *Booker.*

of justice. The Defendant objects to the enhancement. The Court will allow an evidentiary hearing on the issue of obstruction of justice. The government bears the burden of proof by a preponderance of the evidence[3] regarding the issue of the enhancement for obstruction of justice.

Finally, the Court will hear the Defendant's motion for downward departure. However, the Court cautions defense counsel that, despite the arguments presented in the motion, the Court notes that the Defendant has steadily been involved in criminal conduct since an early age and also committed several offenses for which no criminal history points were assessed.

IT IS ORDERED:

1. The government's Objections to the Revised PSR (Filing No. 43) are denied with respect to the issue of drug quantity, and the obstruction of justice enhancement will be determined after an evidentiary hearing;

2. The Defendant's Objections to the Revised PSR (Filing No. 44) are denied with respect to the issue of drug quantity, and the issue of the enhancement for obstruction of justice will be determined after an evidentiary hearing;

3. The Court's tentative finding is that the Defendant will be sentenced based on the drug quantity included in ¶ 30 of the Revised PSR;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are

---

[3]The Court specifically notes that its interpretation of *Booker* is that the burden of proof is by a preponderance of the evidence as opposed to beyond a reasonable doubt.

required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final;

6. The parties are notified that my tentative findings are that, other than the issue of obstruction of justice, the Presentence Investigation Report is correct in all respects; and

7. Unless otherwise ordered, any motion challenging these Amended Tentative Findings shall be resolved at sentencing.

DATED this 9th day of May, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge