## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:04CR267 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| CHRISTOPHER L. GRANT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 82) filed by the Defendant, Christopher L. Grant. The motion is supported by a brief (Filing No. 83).  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

On November 19, 2004, the Defendant was found guilty after a jury trial before the Honorable Thomas M. Shanahan of Count I of an Indictment charging him with conspiracy to distribute at least 5 but less than 50 grams of a mixture or substance containing a detectable amount of cocaine base.  (Filing No. 33.)  This was a "dry" conspiracy (Filing No. 29), and the trial witnesses included a police officer and several cooperating individuals (Filing Nos. 27, 29).  After trial, this case was reassigned to the undersigned Judge.  At sentencing, the objections of both parties regarding drug quantity were denied.  (Filing No. 71.)  The drug quantity was determined to be as stated in the PSR, at least 35 but less than

50 grams of cocaine base.  The result was base level 30.  The determination of drug quantity was upheld on direct appeal. (Filing No. 76, at 3-4.)

In his § 2255 motion, Grant raises the following issues: 1) trial counsel was ineffective in failing to argue that lay testimony was an insufficient basis for the finding that the controlled substance was cocaine base; 2) lay testimony with respect to cocaine base violated his right to be presumed innocent under the Fifth Amendment; 3) his Fifth Amendment due process rights were violated due to prosecutorial misconduct regarding trial testimony regarding Kenneth Jones; 4) a *Giglio* violation occurred with respect to the trial testimony regarding Kenneth Jones; 5) a Fifth Amendment due process violation occurred with respect to the trial testimony of Karlos Harper; and 6) the cumulative effect of these alleged errors violated his rights to due process and a fair trial.

### Ground One: Ineffective Assistance of Counsel

In order to establish ineffective assistance of counsel, Grant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id.* at 687.

Grant argues that expert testimony is needed to substantiate a finding of cocaine base, i.e., crack cocaine.  However, this was a "dry" conspiracy.  The arresting police officer testified to the Defendant's Mirandized statement that he had been selling crack cocaine.  (Filing No. , at 80-82.)  Officer DeJong testified that a small baggie with objects

2

that looked like crack cocaine were in the baggie found in the Defendant's proximity upon his arrest. (*Id.* at 72-74.) Based on his experience, Officer Barry DeJong testified as to his knowledge of crack cocaine, including the appearance, packaging and pricing of the drug. (Filing No. 68, at 83-88.) The Eighth Circuit Court of Appeals has stated that a substance may be identified as crack cocaine solely through the introduction of circumstantial and opinion evidence, including the opinion of a narcotics officer. *United States v. Williams,* 982 F.2d 1209, 1212 (8th Cir. 1992).

The Defendant cannot meet either prong of the *Strickland* test, and this claim is denied.

### Claim Two: Testimony Regarding Crack Cocaine; Right to be Presumed Innocent

Grant argues that the testimony of the police officer and the cooperating individuals with respect to the crack cocaine violated his right to be presumed innocent as well as his Fifth Amendment rights, without specification. He cites no legal authority supporting his position.

This argument appears to mirror the argument raised in support of Grant's ineffective assistance of counsel claim. Each witness appeared live. All but one witness was cross-examination by defense counsel, who also had an opportunity to cross-examine the final witness. The precise nature of the claim is uncertain, and the claim is denied.

### Claims Three and Four: Prosecutorial Misconduct and Fifth Amendment Violation; *Giglio*; Testimony of Kenneth Jones

The Defendant argues that his Fifth Amendment due process rights were violated by virtue of prosecutorial misconduct with respect to the testimony of government witness Kenneth Jones. Specifically, because a case agent in another case testified in that case

that he did not believe Kenneth Jones, the Defendant argues that this information was exculpatory under *Brady v. Maryland,* 373 U.S. 83 (1963) and should have been disclosed in a timely manner. The Defendant also argues under *Giglio v. United States,* 405 U.S. 150 (1972) that the government knowingly offered perjured testimony.

The Defendant cites to a short exchange in a transcript in *United States v. Wilson,* No. 8:04CR160 at Filing No. 73 in support of his argument. In the *Wilson* case, the testifying officer stated that he did not believe Jones's proffered information. However, in its entirety the officer's testimony indicates that Jones's information regarding Wilson was not deemed credible in part because Jones did not know everyday information about Wilson such as the kind of car he drove or where he lived or worked. (8:04CR160, at 54.) In contrast, when Jones testified against Grant, he described the car that Grant drove in some detail and also provided detailed information as to drug transactions with Grant. (Filing No. 69, at 240-43.)

Grant also argues that his Fifth Amendment due process rights were violated by the government's use of Jones's allegedly false testimony under *Giglio v. United States,* 405 U.S. 150 (1972). In order to prove a due process violation based on the government's use of false testimony, Grant must show: 1) the government used perjured testimony; the government should have known or knew that the testimony was perjured; and 3) the verdict was reasonably likely affected by the perjured testimony. *United States v. Bass,* 478 F.3d 948, 950 (8th Cir. 2007). As discussed above, Grant cannot show that Jones's testimony in his case was perjured, and he is unable to satisfy any of the three requirements for a *Giglio* violation.

For the reasons discussed, this claim is denied.

4

***Claim Five: Testimony of Karlos Harper***

The Defendant argues that his Fifth Amendment due process rights were violated by the presentation of Karlos Harper's testimony.  Grant argues that Harper's testimony was false because Grant's PSR shoes that he was "fully" incarcerated during 2001.

Harper testified that he began buying crack cocaine for resale from Grant in September 2001.  Harper estimated that he bought about 3.5 grams from Grant in 2001. Harper further testified that he reestablished contact with Grant in 2003, and that be bought crack cocaine from Grant approximately three times monthly between May and October 2003.

While Grant's PSR shows that he was incarcerated during 2001, Harper testified that Grant did not appear at the house in which they conducted their transactions very often because Grant was incarcerated in a work release center.  (Filing No. 69, at 314.) Moreover, Grant does not argue that Harper's testimony regarding the 2003 transactions was untruthful.

For these reasons, this claim is denied.

***Claim Six: Cumulative Effect***

The Defendant argues that the cumulative effect of the alleged errors raised in claims one through five violate his due process rights and his right to a fair trial.  Because claims one through five are summarily denied, this claim will not be addressed further and will be denied.

**CONCLUSION**

For the reasons discussed, the Court concludes that under Rule 4(b) the Defendant's § 2255 motion must be summarily denied.

IT IS ORDERED:

1.      The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Filing No. 82);

2.      Upon initial review, the Court summarily denies the Defendant's claims raised in the § 2255 motion, and the motion (Filing No. 82) is summarily denied;

3.      A separate Judgment will be issued denying the § 2255 motion; and

4.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 30th day of April, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge